PERKINS NORTON *vs.* PATRICK DOHERTY.

A judgment for the defendant, in an action of tort for a false representation of soundness on an exchange of horses, is a bar to a subsequent action of contract on the defendant's promise, at the time of the exchange, that his horse was sound.

ACTION OF CONTRACT on an exchange of horses. The declaration alleged that, to induce the plaintiff to make such exchange, the defendant promised that the horse given by the defendant to the plaintiff was not lame, &c.; and the plaintiff, confiding in said representations, was thereby induced to make the exchange, and did thereupon make it, and said horse was lame, &c., whereby and by means of the defendant's representations the plaintiff was greatly injured and wronged. Answer, a judgment recovered by the defendant in an action of tort, brought against him by the plaintiff, in which the declaration alleged a like exchange of horses, and that to induce the plaintiff to make such exchange, the defendant falsely represented that the horse given by the defendant to the plaintiff was not lame, &c., and the plaintiff, believing said representation was true, was thereby induced to make the exchange and did therefore make it, and the horse was lame, &c.

At the trial in the court of common pleas, it was admitted that the horse and the exchange were the same in both actions. *Hoar,* J. ruled that the former judgment was a bar to this action. The plaintiff alleged exceptions.

*J. Q. A. Griffin,* for the plaintiff.

*R. F. Fuller,* for the defendant.

SHAW, C. J. On consideration, the court are of opinion that the former judgment was a good bar, because the first action was brought to recover damages for the same wrong or injury, and because it could be supported by the same evidence.

The only difference in the declarations is, that in the former case it was alleged that the defendant represented the condition of his horse; that such representation was false; that, relying on it, the plaintiff made the exchange of horses, and was deceived

In the present case it is alleged that the defendant promised, &c.; and the promise was not true; by reason whereof the plaintiff sustained damage.

In general a promise is executory—a stipulation to do something—and then requires a consideration to support an action. But it is not necessarily so. It may be a promise that something has been done, or now exists, or is true. In that case, it has all the characteristics of a warranty. And it has been held that, so far as a warranty is a contract, and may be declared on as such, assumpsit is the proper form of action. In this respect, a promise and a warranty that a certain fact is true have the same legal effect, and a warranty may be declared on as a promise. *Stuart* v. *Wilkins*, 1 Doug. 18. The principle, that on the same facts, the plaintiff has an election of remedies, and may sue either in tort or contract, is traced back, as a well settled rule, to *Slade's case*, 4 Co. 92.

Where, upon a sale of goods, there is a warranty of quality or condition, and by parity of reasoning a promise, which proves not to be true, the plaintiff may declare in tort, and give such warranty in evidence, as conclusive to maintain the action. This goes on the theory that by such warranty the purchaser is lulled into security, and looks no further; and the seller, by taking upon himself to warrant a fact as true, which turns out not to be true, does in effect deceive the purchaser. In such case, it is not necessary to prove that defendant acted knowingly, because, by his positive promise, he takes all the consequences of its being true, whether true or not. *Williamson* v. *Allison*, 2 East, 446. But it is quite clear that, in the same case, the plaintiff, if he had thought fit, might have brought his action of contract on the warranty, and recovered. Indeed, all the cases, now very numerous, which decide that the plaintiff may waive the tort and declare in assumpsit, are precedents to show that a plaintiff has an election of remedies. But it follows, as a necessary legal consequence, that when a plaintiff elects one, and pursues it to judgment, such judgment is conclusive, and is a bar to another action.

If, therefore, in the former case for deceit, the plaintiff had

given in evidence what he now alleges to be true, and lays down as the gravamen of his case, to wit, that the defendant promised that the horse was sound, when in truth he was not, it would have supported the declaration in that case, charging the false representation as a deceit, in an action of tort.

No particular words are necessary to constitute a warranty. If a man, at the time of the sale, says, " This horse is sound," that is a warranty. If previously, it may be regarded as a representation. Best, C. J. in *Salmon* v. *Ward*, 2 Car. & P. 211.

In all cases where the plaintiff has his option, in the outset, to bring tort or contract, to recover damages for one and the same injury, upon a state of facts which will support either, an adjudication in one, whichever he may elect, is, upon principle, a bar to the other. *Exceptions overruled.*